IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| VINCENT BLAINE SIXKILLER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. CIV-15-1201-R |
| ROBERT PATTON, | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Shon Erwin [Doc. 23] entered July 22, 2016, and Petitioner's Objection to Report and Recommendation [Doc. 24] filed August 8, 2016. The Magistrate Judge found that each of Petitioner's three grounds for habeas relief lacked merit and thus recommended that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 be denied.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation of the Magistrate Judge de novo in light of Petitioner's objections. To conduct that de novo review, the Court has carefully reviewed the entire record. The Court fully concurs in the findings, conclusions, and recommendations of the Magistrate Judge. The decision by the Oklahoma Court of Criminal Appeals (OCCA) on each of the claims that Petitioner raises in his habeas petition neither conflicted with nor involved an unreasonable application of clearly established federal law as determined by the United Supreme States Supreme Court. First, the admission of his blood test results were not scientifically unreliable, irrelevant, and inadmissible to thereby render his trial

1

fundamentally unfair in violation of his Fourteenth Amendment Due Process rights. Second, the OCCA did not rule contrary to or unreasonably apply clearly established federal law when it found that the statements Petitioner made to an officer at the scene of the accident were not made while Petitioner was in custody for *Miranda* purposes. Finally, the Magistrate Judge correctly decided not to review Petitioner's claim that the blood tests should have been suppressed under various Fourth Amendment principles: "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 481–482 (1976). The Court agrees with the Magistrate Judge's finding that Petitioner had the opportunity in state court for full and fair litigation of this Fourth Amendment claim.

Petitioner's Objection raises three arguments. Two of them are merely reiterations of his arguments made in support of his habeas petition: that the admission of expert testimony rendered the trial fundamentally unfair and that police should have given him *Miranda* warnings before questioning him at the scene of the accident. The Magistrate Judge properly rejected those arguments. Petitioner's third contention is that the Magistrate incorrectly applied *Stone v. Powell*'s bar on considering Fourth Amendment claims on habeas review. Petitioner reasons that his claim implicated the Fifth, rather than the Fourth Amendment, and that *Stone*'s bar therefore does not apply.

Even if that were the case, Petitioner would still need to prove that the OCCA's holding was either contrary to or an unreasonable application of clearly established federal

law, in this case the Supreme Court's Fifth Amendment jurisprudence. The problem is that Petitioner's challenge to his "involuntary" blood test does not implicate the Fifth Amendment. "[T]he Fifth Amendment does not independently proscribe the compelled production of every sort of incriminating evidence but applies only when the accused is compelled to make a Testimonial Communication that is incriminating." *Fisher v. United States*, 425 U.S. 391, 408, 96 S. Ct. 1569, 1579, 48 L. Ed. 2d 39 (1976). The Supreme Court has recognized that "there is a significant difference between the use of compulsion to extort communications from a defendant and compelling a person to engage in conduct that may be incriminating." *United States v. Hubbell*, 530 U.S. 34, 34–35 (2000). That is why "even though the act may provide incriminating evidence, a criminal suspect may be compelled to put on a shirt, to provide a blood sample or handwriting exemplar, or to make a recording of his voice." *Id.* at 35. This type of "compulsion" is not testimonial in nature. It is also why Petitioner's argument about his "involuntary" blood test would typically be analyzed under the Fourth Amendment. *See, e.g., Missouri v. McNeely*, 133 S.Ct. 1552, 1558 (2013) (analyzing the legality of a DUI suspect's involuntary blood test under the Fourth Amendment because it "involves a compelled physical intrusion beneath [the subject's] skin and into his veins to obtain a sample of his blood for use as evidence in a criminal investigation"). Thus, to extent that Petitioner is making a Fifth Amendment argument—that he was compelled to be a witness against himself when he was subjected to a blood test without giving consent—that claim fails: the compulsion of these type of incriminating acts are not the type forbidden by the Fifth Amendment. Relief under 28 U.S.C. § 2254 is thus improper.

Finally, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned denies Petitioner a Certificate of Appealability. Where a habeas petition is denied on procedural grounds, Petitioner is entitled to a COA only if he demonstrates that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). When a habeas petition is denied on the merits, Petitioner is entitled to a COA only if he demonstrates "that jurists of reason could disagree with the district court's resolution of his/her constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931, 944 (2003) (*citing Slack v. McDaniel, supra*). Petitioner has not made either showing and is therefore not entitled to a COA.

In conclusion, the Court therefore ADOPTS the Report and Recommendation of the Magistrate Judge in its entirety. The Petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

IT IS SO ORDERED this 10th day of April 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE